UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HI-TECH ELECTRIC, INC. OF DELAWARE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3034** |
| **T& B CONSTRUCTION AND ELECTRICAL SERVICES, INC.** | **SECTION "R"(4)** |

## ORDER

Before the Court is a **Motion to Have First Requests for Admissions Deemed Admitted (R. Doc. 45)** filed by the Plaintiff. The motion is opposed. R. Doc. 46. The motion was heard by oral argument on May 25, 2016.

**I.   Background**

Hi-Tech Electric ("HTE" or "Plaintiff") and T&B Construction and Electrical Services ("T&B" or "Defendant") entered into a teaming agreement to submit a proposal to the general contractor who was responsible for building the replacement hospital for the Southeast Louisiana Veterans Healthcare System. Thereafter, T&B entered into a written subcontract with the general contractor to furnish electrical work for the Pan American Building which was a part of the project. R. Doc. 1, p. 3.

According to the complaint, the "Pan Am Subcontract" included work to be performed by HTE which it contends it completed however was not paid in accordance with the contract. As a result, HTE contends that it is owed $556,070.20 by T&B.

HTE contends that T&B has failed to timely respond to its First Request for Admissions which were propounded on March 22, 2016. As a result, HTE seeks to have the requests for admissions deemed admitted.

## II. <u>Standard of Review</u>

Fed.R.Civ.P. 36(a)(1) states that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 36(a)(3) further provides that a matters is deemed admitted unless the party serves and answer or objection on the requesting party within 30 days after being served with the requests for admissions or after a longer term stipulated to by the parties. Thus, if a party fails to respond to a request within the time allowed, the law deems the matter admitted and conclusively established unless the "admitting" party moves the Court, on motion of the "admitting" party, allows the withdrawal or amendment thereof. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

## III. <u>Analysis</u>

Plaintiff contends that Defendants have failed to timely respond to its First Request for Admissions which were propounded on March 22, 2016. As a result, HTE seeks to have the requests for admissions deemed admitted.

Defendant contends that it had difficulty retaining counsel and that once counsel was retained, he reached out to request a continuance to respond to the requests for admission which was denied. As a result, T&B's counsel responded to the requests on May 17, 2016, which was untimely. Nonetheless, T&B contends that deeming the requests admitted would work a hardship and significantly prejudices its ability to defend itself. R. Doc. 46, p. 2.

Rule 36 of the Federal Rules of Civil Procedure allows a party to request another party to admit the truth of any matters relating to the facts at issue in the case or the genuineness of any described document. Fed. R. Civ. Proc. 36(a)(1). It further provides that a request for admission is deemed admitted if a response to the request is not served within thirty days of service of the

2

request. Rule 36 continues by providing "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P 36(b). The court is permitted to allow the "withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." *Id.* By operation of law, due to Defendant's failure to respond to the Plaintiff's requests for admissions, the requests for admissions are deemed admitted. *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991).

Although T&B now represents that it has responded to the requests for admission, its response came more than 30 days after the requests were propounded. Additionally, HTE denied T&B's request for an extension and nor did T&B file a Motion for Extension of Time to respond or one seeking withdrawal of the admission.

During the hearing on the matter, the Court inquired into the level of experience of T&B's President regarding litigation as a result of counsel's suggestion that his client did not know or appreciate the impact of not timely responding to the requests. As a result, the Court permitted the filing of an affidavit by Monday, May 30, 2016. However, upon closer review, the submission of the affidavit would not impact the result, because T&B failed to comply with Rule 36(b). Further, because the admissions are deemed admitted by operation of law no ruling from the undersigned is necessary.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Have First Requests for Admissions Deemed Admitted (R. Doc. 45)** is **DENIED** for the reasons assigned above.

New Orleans, Louisiana, this 26th day of May 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3