UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HI-TECH ELECTRIC, INC. OF DELAWARE, INC. | CIVIL ACTION |
| VERSUS | NO: 15-3034 |
| T&B CONSTRUCTION AND ELECTRICAL SERVICES, INC. | SECTION: "R" (4) |

## ORDER

Before the Court is a **Motion to Fix Attorney's Fee (R. Doc. 51)** filed by the Plaintiff, Hi-Tech Electric Inc. of Delaware. The motion was filed pursuant to the Court's Order (R. Doc. 50) in which it awarded reasonable attorney's fees pursuant to Federal Rule of Civil Procedure 37. Plaintiff seeks to recover attorney's fees in the amount of $1,435.00. Defendant did not file an opposition to the instant motion. The motion was submitted on June 22, 2016, and decided on the briefs.

**I.      Background**

This diversity action arises out of a disagreement between Hi-Tech Electric ("HTE"), the Plaintiff, and T&B Construction and Electrical Services, Inc. ("T&B"), the Defendant. R. Doc. 1, p. 2. The parties entered into a teaming agreement to submit a proposal to a general contractor who was responsible for building the replacement hospital of the Southeast Louisiana Veterans Healthcare System. Thereafter, T&B centered into a written subcontract with the general contractor to furnish electrical work for the Pan American Building which was a part of the project. R. Doc. 1, p. 3. HTE argues that the Pan American subcontract included work to be performed by HTE which it contends it completed; however, it was not paid in accordance with the contract. As a result, HTE contends that it is owed $556,070.20 by T&B.

On May 31, 2016, the Court granted Plaintiff's request for attorney's fees related to its Motion to Compel (R. Doc. 44). The Court determined that attorney's fees were appropriate because Defendant did not respond timely to Plaintiff's discovery requests. R. Doc. 44, p. 5. The Court ordered HTE to file its motion to fix attorney fees into the record by June 7, 2016, along with its supporting documentation. *Id.* at 5. HTE timely filed the instant motion.

HTE seeks recovery for $1,435.00 for 4.1 hours in connection with its Motion to Compel (R. Doc. 44) and the instant motion. R. Doc. 51-5, p. 2. T&B did not file an opposition to the instant motion.

**II.     Standard of Review**

Although in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees, the instant motion relates to an award of sanctions, in the form of attorney's fees, pursuant to Federal Rule of Civil Procedure 37. *See Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the federal standard. *See Southern U.S. Trade Ass'n v. Guddh*, No. 10–1669, 2013 WL 1789515 at *2, n. 2 (E.D.La. Apr. 26, 2013) (applying the federal standard in a diversity matter because attorney's fees were related to a motion for sanctions pursuant to FRCP 37).

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court

must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  The Court can make upward or downward adjustments to the lodestar figure if the Johnson factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

### III.   Analysis

#### A.   Reasonableness of Hourly Rates

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience,

3

similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. *Trahan v. Crown Drilling, Inc.*, No.2011 WL 3320531, at *4 (E.D.La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

Here, Plaintiff seeks to recover fees for one attorney that worked on the matter. This attorney is Victor Hastings who has been a member of the Louisiana Bar since 1998 and practices law with the Hasting Law Firm. His affidavit represents that his hourly rate is $350.00. R. Doc. 51-5, p. 2. Defendant did not file an opposition to contest the reasonableness of Hastings's rate. Thus, the Court finds that the hourly rate of Hastings is reasonable.

### B.     Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party

seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

### 1. **Block-Billing**

The fee application submitted by HTE contains entries that are block billed. This term can be defined as the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks. *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 n. 9 (10th Cir. 1998). "This practice makes it impossible for the Court to determine the reasonableness of the hours spent on each task." *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07–1201, 2009 WL 35334, at *4 (E.D.La. Jan. 6, 2009) (emphasis added). *See Yelton v. PHI, Inc.*, No. 09–3144, 2012 WL 3441826, at *8 (E.D.La. Aug. 14, 2012); *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09–3822, 2010 WL 2773208, at *8–9 (E.D.La. July 13, 2010).

The entries submitted by HTE have multiple tasks that are lumped together under a single entry for a day. This makes it impossible for the Court to determine the reasonableness of the hours spent on the tasks for which HTE requests recovery. For example, on June, 7, 2016, Hastings:

> Research re: reasonable hourly attorney's fee. Draft motion to fix and affidavit in support thereof. Meet with notary and submit motion and affidavit.

Further, on April 29, 2016, Hastings:

> Draft and forward certification to Mr. Salzman, who spoke by telephone with defendant's latest attorney regarding discovery requests. File and confirm service of motion

R. Doc. 51-5, p. 2.

While block billing creates impediments to the analysis of the attorney's fee bill, the Supreme Court has indicated that it is not a basis for refusing to award attorney's fees. *Hensley*, 461 U.S. at 437, n. 12. A review of case law reflects that the method most often used to compensate

for block billing is a flat reduction of a specific percentage from the award. *See Creecy v. Metro. Prop. & Cas. Ins. Co.,* 548 F.Supp.2d 279 (E.D.La. 2008) (Roby, M. J.); *Harris v. Allstate Ins. Co.*, 2009 WL 86673, at *3 (E.D.La. 2009) (Roby, M. J.) (reduction of fee award by 25% percent because of block-billing); *see also Phoenix Four, Inc., v. Strategic Resources Corporation*, No. 05 Civ. 4837(HB), 2006 WL 2135798, at *2 (S.D.N.Y. Aug.1, 2006) (fee award reduced by 25% for block billing); *Ass'n of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt*, No. 04 Civ. 3600(SWK), 2005 WL 3099592, at *7 (S.D.N.Y. Nov.17, 2005); (reduction of award by 25% for block billing, excessive hours, and vagueness in time entries); *Sea Spray Holdings, Ltd. v. Pali Fin. Group Inc.*, 277 F.Supp.2d 323, 326 (S.D.N.Y.2003) ("because of . . . the inherent difficulties the court would encounter in attempting to parse out reasonable hours and manpower for appropriate tasks, the court finds that a 15% "flat reduction of fees . . . is warranted."). Therefore, the Court will decrease HTE's requested fee award by $287.00 ($1,435.00 x 20%) because of block billing. Given the 20% reduction, HTE's reasonable fee award is $1,148.00 ($1,435.00-$287.00).

### 2. **Adjusting the Lodestar**

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19.[1] To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Fix Attorney's Fees (R. Doc. 51)** is **GRANTED**. Hi-Tech Electric, Inc. of Delaware is awarded reasonable attorney's fees in the amount of **$1,148.00** to be paid by T&B Construction and Electrical Services, Inc. no later than **twenty-one (21) days** from the signing of this Order.

New Orleans, Louisiana, this 21st day of July 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**