UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HI-TECH ELECTRIC, INC. OF DELAWARE** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-3034** |
| **T&B CONSTRUCTION AND ELECTRICAL SERVICES, INC.** | **SECTION: "R" (4)** |

## ORDER

Before the Court is a **Motion for Sanction and Contempt (R. Doc. 69)** filed by Plaintiff seeking the Court to hold Defendant in contempt and award sanctions for Defendant's failure to pay attorneys' fees as ordered by the Court. The motion is not opposed. The motion was submitted on September 21, 2016 and heard with arguments on the same day. For the following reasons, the motion is **GRANTED.**

### I.     Background

This diversity action arises out of a disagreement between Hi-Tech Electric ("HTE"), the Plaintiff, and T&B Construction and Electrical Services, Inc. ("T&B"), the Defendant. R. Doc. 1, p. 2. The parties entered into a teaming agreement to submit a proposal to a general contractor who was responsible for building the replacement hospital of the Southeast Louisiana Veterans Healthcare System. Thereafter, T&B centered into a written subcontract with the general contractor to furnish electrical work for the Pan American Building which was a part of the project. R. Doc. 1, p. 3. HTE argues that the Pan American subcontract included work to be performed by HTE which it contends it completed; however, it was not paid in accordance with the contract. As a result, HTE contends that it is owed $556,070.20 by T&B.

On May 31, 2016, the Court granted Plaintiff's request for attorney's fees related to its Motion to Compel. R. Doc. 44. The Court determined that attorney's fees were appropriate because Defendant did not respond timely to Plaintiff's discovery requests. R. Doc. 44, p. 5. On July 22,

2016, the Court ordered Defendant to pay Plaintiff $1,148.00 no later than twenty-one days from the signing of the order. R. Doc. 60.

On August 12, 2016, Plaintiff states that it contacted the Defendant concerning the attorneys' fees due. R. Doc. 69-1, p. 2. While Defendant's counsel stated that he would talk to the Defendant, Plaintiff has not received any payment at this time. *Id.* As such, the Plaintiff has ask the Court to find the Defendant in contempt for failing to obey a court order under Federal Rule of Civil Procedure 37. *Id.* The Defendant has not opposed the motion nor appeared for the hearing on the motion.

## II.     Standard of Review

Federal Rule of Civil Procedure 37 provides that a Court may award sanctions against a party who fails to comply with a discovery order, including orders to pay reasonable expenses, including attorney's fees in connection with a discovery order. Available Sanctions include striking pleadings, staying further proceedings until the order is obeyed, dismissing the action in whole or in party, or treating the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Furthermore, Federal Rule of Civil Procedure 37(b)(2)(C) states "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

## III.    Analysis

Here, the Defendant has moved to find the Defendant in contempt and award sanctions under Federal Rule of Civil Procedure 37. R. Doc. 69-1, p. 1-2. As an initial matter, the Defendant's actions are in violation of its order. First, there was a court order in effect, namely this Court's order requiring the Defendant to pay attorneys' fees to the Plaintiff for the motion to

2

compel. R. Doc. 60. Second, that order required the Defendant to pay attorneys' fees to the Plaintiff within twenty-one days of its signing. *Id.* Third, the Defendant has not paid those fees. As such absent any explanation or defense, the Court finds it within its power to sanction the Defendant under Rule 37(b) for failing to comply with a discovery order. The Court will award expenses for the instant motion to the Plaintiff pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). The Court further finds that the failure to comply to pay constitutes contempt of court pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(vii).

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Sanction and Contempt (R. Doc. 69)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant T&B Construction and Electrical Services, Inc. has **fourteen (14) days**[1] from the signing of this Order to come in compliance with the Court's order (R. Doc. 60) and purge this obligation.

**IT IS FURTHER ORDERED** that, if this order is not purged, the Plaintiff Hi-Tech Electric Inc. of Delaware is awarded attorneys' fees and costs in connection with the **Motion for Sanction and Contempt (R. Doc. 69)**.

**IT IS FURTHER ORDERED** that, if this order is not purged, the Plaintiff Hi-Tech Electric Inc. of Delaware shall file a motion to fix attorney fees into the record by **October 11, 2016,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2.

---

[1] While the Court stated orally that it would only provide 5 days for the Defendant to purge, the Court has adjusted to fourteen days to allow for review if deemed necessary.

Any opposition to the fee application shall be filed no later than **October 18, 2016**. The motion shall be set for submission on **October 26, 2016**, to be heard without oral argument.

New Orleans, Louisiana, this 23rd day of September 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**