UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HI-TECH ELECTRIC, INC. OF                          CIVIL ACTION
DELAWARE

VERSUS                                             NO. 15-3034

T&B CONSTRUCTION AND                               SECTION "R" (4)
ELECTRICAL SERVICES, INC.


**ORDER AND REASONS**

Before the Court is plaintiff Hi-Tech Electric, Inc. of Delaware's (HTE)

motion to strike portions of defendant T&B Construction and Electrical

Services, Inc.'s (T&B) counterclaim pursuant to Federal Rule of Civil

Procedure 12(f).[1]   For the following reasons, the Court denies plaintiff's

motion.


I.     BACKGROUND

This diversity lawsuit arises out of a dispute between HTE and T&B

over a construction project.[2]   HTE and T&B signed a Teaming Agreement in

August 2011, to cooperatively bid for electrical work for the Southeast

Veterans Healthcare System Replacement Hospital project (VA Project) in

---

[1]     R. Doc. 99.
[2]     For a more in-depth review of the facts of this case, see the
Court's order on HTE's motion to dismiss, R. Doc. 112.

New Orleans.  T&B was awarded a contract to perform work for the VA Project, and subcontracted a portion of that work to HTE.

On July 29, 2015, HTE sued T&B alleging breach of contract as well as claims under the Louisiana Prompt Payment Statute, La. Stat. Ann. § 9:2784.[3]  On November 1, 2016, T&B filed a counterclaim against HTE, asserting nine causes of action.[4]  HTE now moves to strike portions of T&B's counterclaim, asserting that the counterclaim contains statements that are "immaterial, impertinent, prejudicial, inflammatory and/or scandalous."[5]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored, . . ."); *Synergy*

---

[3]   R. Doc. 1.
[4]   R. Doc. 90.
[5]   R. Doc. 93-1 at 3.

2

*Mgmt., LLC v. Lego Juris A/S*, No. 07-5892, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("Motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). A motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey*, No. 96-3438, 1998 WL 596745, at *7 (E.D. La. Sept. 8, 1998) (citation omitted). Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Bayou Fleet P'ship v. St. Charles Parish*, No. 10-1557, 2011 WL 2680686, at *5 (E.D. La. Jul. 8, 2011) (citations omitted). Disputed questions of fact cannot be decided on a motion to strike. *Gonzales v. State Farm Mut. Auto. Ins.*, No. 10-3041, 2011 WL 2607096, at *5 (E.D. La. July 1, 2011).

## III.  DISCUSSION

HTE's motion specifically takes aim at paragraphs 20, 21, 24, 27, 28, 45, 46, 48-57, 100, 109, 159, 201, 234, 263, 265, 298, and 328 of T&B's counterclaim. HTE also seeks to strike the title of T&B's fourth cause of action and the section title preceding paragraph 245. At the outset, the Court notes that it granted HTE's motion to dismiss T&B's first, fourth, sixth,

eighth, and ninth causes of action,[6] which moots much of HTE's motion to strike. Therefore, HTE's motion to strike paragraphs 159, 234, 263, 265, and 328, as well as the title of T&B's fourth cause of action and the section title preceding paragraph 245 is denied as moot.

Given the demanding standard for Rule 12(f) motions to strike, the Court denies the remainder of HTE's motion. Some of what HTE seeks to strike, for example the words "failed miserably" and "boasted" in paragraph 20, or "underserved credit" and "absurd" in paragraph 28, are clearly not sufficiently scandalous or prejudicial to warrant the extraordinary remedy of striking the words from T&B's counterclaim. Other allegations that HTE seeks to strike, including alleged violations of federal law and regulations or that HTE illegally defrauded governmental entities, similarly do not warrant granting HTE's motion to strike. The Court cannot say that these allegations "can have no possible bearing upon the subject matter of the litigation," *Bayou Fleet P'ship*, 2011 WL 2680686, at *5, especially given that T&B alleges that these violations in part form the basis of HTE's alleged breach of contract and breach of fiduciary duties. And while T&B would be better served by drafting its complaint without overly harsh words like "hoodwinked" and "fraudsters," the purpose of a motion to strike is not tone

---

[6]      R. Doc. 112.

policing and the Court will not grant HTE's motion on that basis. *See Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) ("'Even when technically appropriate and well-founded,' motions to strike are not to be granted 'in the absence of a showing of prejudice to the moving party.'") (quoting Wright & Miller, *Federal Practice and Procedure* § 1381 (3d ed. 2004) (internal modifications omitted).

Further, the requisite prejudice necessary to grant a motion to strike does not refer to the offensiveness of the allegations but on their practical effects. Courts that have granted motions to strike based on prejudice look to factors like delay, whether the challenged statements will unnecessarily prolong or prevent discovery, or increase the parties' expenses. *See, e.g.*, *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 174 (E.D.N.Y. 2004); *CitiMortgage, Inc. v. Just Mortg., Inc.*, No. 09-1909, 2013 WL 6538680, at *7 (E.D. Mo. Dec. 13, 2013); *see also* Wright & Miller, *Federal Practice and Procedure* § 1381 n.34 (collecting cases). HTE has not made that showing here.

Because HTE has not shown that the challenged allegations prejudice HTE, and because any impertinent allegations contained in T&B's counterclaim could be related to the subject matter of the litigation, justice

5

does not require striking the allegations and the remainder of HTE's motion is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES AS MOOT HTE's motion to strike paragraphs 159, 234, 263, 265, and 328, as well as the title of T&B's fourth cause of action and the section title preceding paragraph 245.  The Court DENIES the remainder of HTE's motion.

New Orleans, Louisiana, this __15th__ day of February, 2017.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

6